******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ECKER, J., concurring. I agree with and fully join part I of the majority opinion. I concur in part II of the majority opinion, in which the majority concludes that the so-called "exclusivity provision" of the Connecticut Product Liability Act (CPLA), General Statutes § 52-572n, as construed by *Gerrity* v. *R.J. Reynolds Tobacco Co.*, 263 Conn. 120, 818 A.2d 769 (2003), and *Soto* v. *Bushmaster Firearms International, LLC*, 331 Conn. 53, 202 A.3d 262, cert. denied sub nom. *Remington Arms Co., LLC* v. *Soto*, U.S. , 140 S. Ct. 513, 205 L. Ed. 2d 317 (2019), bars a claim under the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., that seeks damages for personal injuries, death, or property damage caused by a defective product. The plaintiffs, Marjorie Glover and Charles Glover, have not asked us to reconsider our construction of the exclusivity provision of the CPLA in *Gerrity*, which we repeated in *Soto*. See *Soto* v. *Bushmaster Firearms International, LLC*, supra, 107 n.33 ("it is well established that the exclusivity provision of the [CPLA] applies only to those claims seeking to recover damages caused by a *defective* product" (emphasis in original)); *Gerrity* v. *R.J. Reynolds Tobacco Co.*, supra, 126 ("[t]he exclusivity provision makes the [CPLA] *the exclusive means by which a party may secure a remedy for an injury caused by a defective product*" (emphasis added)). Under the logic and reasoning of *Gerrity* and *Soto*, the CPLA is the exclusive remedy for claims, like the plaintiffs', that seek damages for personal injuries caused by the marketing of a defective product.

I write separately because I have grave doubt that we correctly construed the exclusivity provision of the CPLA in *Gerrity*. First, I question whether the exclusivity provision of the CPLA was ever intended to apply to statutory claims, like CUTPA. The plain language of the statute mentions only common-law causes of action, and the legislative history indicates that the CPLA was not meant to supplant other statutory schemes. See General Statutes § 52-572n (a) ("[a] product liability claim as provided in sections 52-240a, 52-240b, 52-572m to 52-572q, inclusive, and 52-577a may be asserted and shall be in lieu of all other claims against product sellers, *including actions of negligence, strict liability and warranty, for harm caused by a product*" (emphasis added));[1] see also 22 S. Proc., Pt. 14, 1979 Sess., pp. 4636–37, remarks of Senator Salvatore C. DePiano ("[The exclusivity provision] sets forth that the [b]ill is intended as a substitute for prior theories for harm caused by a product. This [provision] is intended to cut down on the number of counts in a complaint for injuries caused by a product. *It is not intended to affect other state statutory schemes such as* [*antitrust*] *acts*

*or the state unfair trade practice*[*s*] *act*." (Emphasis added.)).

Second, even if the exclusivity provision applies to statutory claims, I question whether a CUTPA claim is barred or whether it simply must be asserted through the framework provided by the CPLA. See *Lynn* v. *Haybuster Mfg.*, *Inc.*, 226 Conn. 282, 292, 627 A.2d 1288 (1993) ("the [CPLA] was intended to merge various theories into one cause of action rather than to abolish all prior existing rights"); see also *LeMontagne* v. *E.I. Du Pont De Nemours & Co.*, 41 F.3d 846, 855 (2d Cir. 1994) ("[a]lthough the CPLA introduced simplified pleading . . . and created uniform rules for the various types of actions it encompasses . . . it apparently was not meant to alter the substance of a plaintiff's rights or the facts that a plaintiff must prove in order to prevail" (citations omitted)).

Third, CUTPA, like the CPLA, is a remedial statute, and its ameliorative provisions should be construed in a manner consistent with the CPLA, rather than contrary to it. See, e.g., *Fairchild Heights Residents Assn.*, *Inc.* v. *Fairchild Heights*, *Inc.*, 310 Conn. 797, 817, 82 A.3d 602 (2014) ("CUTPA is remedial in character . . . and must be liberally construed in favor of those whom the legislature intended to benefit" (internal quotation marks omitted)); see also C. Meisenkothen, "To Bar or Not To Bar, That Is the Question: Does the Exclusivity Provision of the Connecticut Products Liability Act Bar Any and All Claims Under the Connecticut Unfair Trade Practices Act?," 22 Quinnipiac L. Rev. 671, 693 (2004) ("It is nearly inconceivable that the legislature intended to deny victims of defective products the ability to allege violations of CUTPA, especially when considering CUTPA's remedial purpose. The CPLA and CUTPA are complementary and must be read as compatible." (Footnote omitted.)).

The plaintiffs, however, have not challenged our past construction of the scope of the exclusivity provision of the CPLA. In the absence of such a challenge, I am compelled to agree with the majority that the plaintiffs' CUTPA claim is barred by the CPLA pursuant to *Gerrity* and *Soto*. I therefore reluctantly concur in part II of the majority opinion.

[1] The legislature well understands the difference between common-law and statutory claims and knows how to be precise when it intends to enact legislation embracing both categories. See, e.g., General Statutes § 52-572h (o) ("[e]xcept as provided in subsection (b) of this section, there shall be no apportionment of liability or damages between parties liable for negligence and parties liable on any basis other than negligence including, but not limited to, intentional, wanton or reckless misconduct, strict liability or liability pursuant to any cause of action created by statute, except that liability may be apportioned among parties liable for negligence in any cause of action created by statute based on negligence including, but not limited to, an action for wrongful death pursuant to section 52-555 or an action for injuries caused by a motor vehicle owned by the state pursuant to section 52-556").